KAREN L. LOEFFLER
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Email: stephan.collins@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | ) | Case No. 3:12-cr-00071-RRB |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| PAUL DONALD BOYER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A. Terms of Agreement

The defendant, Paul Donald Boyer, agrees to plead guilty to Count 1 of the first superseding indictment in this case, which charges him with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The United States agrees to dismiss the remaining counts of that indictment (Counts 2-6) and to not prosecute the defendant further for any other federal firearms offense uncovered as a result of the collateral state investigation referenced in the discovery provided in this case and obtained pursuant to Alaska State Search Warrant 3AN-12-1037 SW, and related warrants, which investigation in part resulted in the charges contained in the indictment in this case, as more fully set forth in Section V below.

The terms of this agreement do not limit the information upon which the Court may rely when it calculates the defendant's advisory guideline sentence; the Court may consider any other reliable information including relevant conduct. The parties jointly agree to make a recommendation of 96 months of imprisonment, to be followed by a three year term of supervised release, which

recommendation will not be binding upon the Court. Consistent with the terms set forth in Section III, the United States agrees to recommend the defendant for an acceptance of responsibility adjustment in his guideline calculation.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

**B. Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

**C. Waiver of Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

//

//

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

The defendant agrees to plead guilty to the following counts of the indictment:

Count 1: Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### B. Elements

The elements of the charges to which the defendant is pleading guilty are as follows:

Count 1: Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

1) The defendant knowingly possessed a firearm;

2) The firearm had been shipped or transported in, interstate or foreign commerce;

3) At the time the defendant possessed the firearm, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

### C. Factual Basis

The defendant admits the truth of the following statement and admits that he is guilty of the offenses alleged in Count 1 of the Indictment, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea, for the calculation of the defendant's guideline sentence, and the ultimate sentence the Court imposes. This factual statement does not limit the information upon which the Court may rely when calculating the defendant's sentence under the guidelines.

Prior to June 26, 2012, Paul Donald Boyer had been convicted of one or more of the following offenses. On February 25, 2000, in Maricopa County, Arizona, in case CR-1999-014421, Boyer was convicted on one count of misconduct involving weapons, in violation of Arizona Rev. Stat. 13-3101; 3102; 3401; 701; 702; 702.01; and 801, and one count of sale of narcotic drugs, in violation of Arizona Rev. Stat. 13-3401; 3408; 3418; 301; 302; 303; 304; 701; 702; 702.01; and 801. On February 25, 2000, in Maricopa County, Arizona, in case CR-1999-016693, Boyer was convicted on one count of burglary 3rd Arizona Rev. Stat. 13-1501; 1506; 701; 702; 702.01; and 801. On August 15, 2007, in Maricopa County, Arizona, in case CR-2007-115781-001 DT, Boyer was

convicted on one count of possession of burglary tools with one prior felony, in violation of Arizona Rev. Stat. 13-1501; 1505; 604; 701; 702; 702.01; and 801. On June 26, 2009, in Lane County, Oregon, in case 20-09-03462A, Boyer was convicted on one count of burglary 2nd, in violation of Oregon Rev. Stat. 164.215, and on one count of unauthorized use of a vehicle, in violation of Oregon Rev. Stat. 164.135. All of these offenses are punishable under the laws of the respective states by terms of imprisonment exceeding one year and one day. On June 4, 2012, in Anchorage, Alaska, Boyer purchased and took into his possession and control a Charter Arms .38 caliber "Lavender Lady" model pistol, serial no. 12-10965, a firearm that had been manufactured outside the state of Alaska and that had previously traveled in interstate or foreign commerce prior to June 4, 2012. Boyer knew that he was in possession of a firearm when he purchased it.

## D. Statutory Penalties and Other Matters Affecting Sentence

### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

1) a maximum of 10 years of imprisonment;

2) a maximum $250,000 fine;

3) a $100 mandatory special assessment; and

4) a maximum of three years of supervised release.

2. **Other Matters Affecting Sentence**

a. **Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; and 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

b. **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

c. **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen will be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

**E. Forfeiture**

The indictment in this case does not allege the forfeiture of any assets and the terms of this agreement do not require that the defendant forfeit any assets.

//

### F. Restitution

There is currently no identifiable restitution owed for the offense of conviction. The Court will have sole discretion to ultimately determine if the defendant has liability for any restitution.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no binding agreements on any guideline applications unless specifically set forth below in this section.

//

//

Acceptance of Responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

**C. Sentencing Recommendations**

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. This report may include a guideline sentence recommendation based upon relevant conduct – conduct beyond that which the defendant has admitted as part of this agreement. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O.

recommends, as well as present evidence in support of their respective sentencing arguments. The parties will recommend a sentence based on the guidelines and jointly agree to make a recommendation of 96 months of imprisonment, to be followed by a three year term of supervised release, which recommendation will not be binding upon the Court.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;
- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;
- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

//

//

**B. Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

**C. Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States to dismiss the remaining counts of that indictment (Counts 2-6) and to not prosecute the defendant further for any other federal firearms offense uncovered as a result of the collateral state investigation referenced in the discovery provided in this case and obtained pursuant to Alaska State Search Warrant 3AN-12-1037 SW, and related warrants, which investigation in part resulted in the charges contained in the indictment in this case. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be

applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Paul Donald Boyer, the defendant, affirm this document contains all of the final agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made to or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this

agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

//

//

//

//

//

//

//

//

//

//

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the First Superseding Indictment in this case, which charges me with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

DATED: 1-8-13

PAUL DONALD BOYER
Defendant

As counsel for the defendant, I have conveyed to the defendant all formal offers of settlement that the United States has conveyed to me for my client's consideration. This plea agreement document reflects the end result of all plea negotiations between the United States and my client. I have discussed the terms of this plea agreement with my client, have fully explained the charges to which my client is contemplating pleading guilty, the necessary elements to support a conviction, all possible defenses, the potential penalties associated with a guilty plea under this agreement, and the consequences of a felony conviction. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 8 Jan 13

MICHAEL DIENI
Attorney for Paul Donald Boyer

//

On behalf of the United States, the following accept Paul Donald Boyer's offer to plead guilty under the terms of this plea agreement.

DATED: 1/9/13

STEPHAN A. COLLINS
Assistant U.S. Attorney

DATED: 1/9/13

KAREN L. LOEFFLER
United States Attorney